v.

STATE of Texas, Appellee.

No. 1431.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Oct. 20, 1976.

Rehearing Denied Nov. 10, 1976.

Nancy V. Westerfeld, C. Michael Matkin, Houston, for appellant.

Max Carlson, Robert D. Ford, Asst. Dist. Attys., Houston, for appellee.

J. CURTISS BROWN, Chief Justice.

This is an appeal from an order of a juvenile court waiving its exclusive original jurisdiction and transferring a trial to a district court for criminal proceedings.

The State of Texas filed a motion in the Juvenile Court # 3 in Harris County, pursuant to Tex.Family Code Ann. § 54.02 (1975), requesting the court to waive its jurisdiction over the accused, B.L.C., (appellant) to certify him as an adult and to transfer the proceedings to the Criminal District Court of Harris County. On March 15, 1976, following a three day hearing, an order was signed by the juvenile court judge waiving jurisdiction and transferring B.L.C. to criminal district court. From that order, B.L.C. has appealed.

On the 26th of November 1975 the partially nude body of an eight year old girl was discovered following an all night search. The search had been conducted by sheriff's deputies and neighboring tenants in the apartment complex where the little girl's family lived. Among those aiding in the search was the appellant, B.L.C. An autopsy, performed by the Harris County Medical Examiner, revealed that the child died as a result of strangulation and that she had been forceably raped. Shortly after the discovery of the body, B.L.C. and

two neighbor boys were taken to the downtown sheriff's office for witness statements, as they had been among the last to see the little girl alive.

Appellant had been questioned by officers during the early morning hours of November 26 at about 1:00 to 1:30 A.M. and again sometime around 5:30 A.M. He was later taken to the sheriff's office where he arrived sometime between 9:00 to 10:30 A.M. He was placed under questioning by the officers. During the course of this questioning the officers claimed that appellant began to incriminate himself. This development caused them to give appellant the *Miranda*[1] warnings. He was then taken before a magistrate and given further warnings as to all of his rights. Appellant disputed the testimony of the officers and the magistrate that he was alone with the magistrate on this occasion. The questioning by the officers thereafter continued and ultimately a written statement was obtained. He was then taken back before the magistrate where, he received the warning as required by Section 51.09 of the Texas Family Code. The magistrate testified that appellant voluntarily and freely signed the confession in the early afternoon. According to the magistrate no officers or prosecuting attorneys were present when the statement was signed.

The officers testified that the appellant was fully advised as to his Fifth Amendment privileges against self-incrimination and of his right to counsel. The magistrate likewise testified to his admonitions and warnings to the juvenile both before the statement was taken and at the time appellant signed it.

Appellant has assigned appropriate points of error basically questioning the constitutionality of the amended statutory guidelines governing the admission of confessions of juveniles. In this connection appellant contends that the refusal of the trial court to put the proper burden of proof on the state was error. Also, appellant claims that the totality of the circumstances involved here, including the detention of the juvenile at the sheriff's offices under the circumstances, renders the confession inadmissible particularly in the absence of an attorney or other adult interested in the welfare of the minor. Secondly, appellant contends that the juvenile court erred in allowing the statement into evidence and that the transfer order was, therefore, inappropriate. It should be noted that, except for the confession, this record is devoid of any evidence connecting appellant with the commission of the crime. The most that could be said was that appellant was among those known to have last seen the murdered child alive. On the contrary, if the testimony of witnesses called by the state is to be believed, appellant could not have committed the crime in question. A young neighbor boy, called by the state, testified that appellant was in his company over a period of time covering the occasion when the victim was last seen up until she was reported missing by her family. The clothes worn by appellant were delivered to the officers for examination and they were not shown to have indicated any blood or mud stains. The circumstances of the crime are such as to indicate a likelihood that the perpetrator's clothing might well be stained by reason of the tearing of the victim's body and the muddy area in which the crime was apparently committed. We do not know whether the state elected not to introduce other evidence connecting appellant with the crime in order to save such evidence for an adjudicatory proceeding. We can only say that appellant's statements, orally and in writing, are the only basis in this record that would lead the court below to believe that the grand jury would probably indict appellant for the crime in question.

Before enactment of the Family Code in 1973 the courts received confessions of minors without the requirement of the presence of an attorney or an adult interested in the minor's welfare. *Garza v. State,* 469 S.W.2d 169 (Tex.Cr.App.1970); *Ciulla v. State,* 434 S.W.2d 948 (Tex.Civ.App.—Houston [1st Dist.] 1968, no writ); *Forder v. State,* 456 S.W.2d 378 (Tex.Cr.App.1970);

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)

*Waiver Of Constitutional Rights By A Juvenile Under The Texas Family Code: The 1975 Amendment To Section 51.09,* 17 S.Tex.L.J. 301 (1976). Upon the Family Code becoming effective on September 1, 1973, Section 51.09 required the presence of an attorney before "waiver" of any right granted to the child by the Code or by the Constitution or laws of Texas and of the United States. This requirement, of course, resulted in very few, if any, confessions of minors.

 As amended by the 64th Legislature and effective September 1, 1975, Section 51.09 of the Family Code has been modified by the addition of subsection (b):

Notwithstanding any of the provisions of Subsection (a) of this section, the statement of a child is admissible in evidence in any future proceeding concerning the matter about which the statement was given if:

(1) when the child is in a detention facility or other place of confinement or in the custody of an officer, the statement is made in writing and the statement shows that the child has at some time prior to the making thereof received from a magistrate a warning that:

(A) he may remain silent and not make any statement at all and that any statement he makes may be used in evidence against him;

(B) he has the right to have an attorney present to advise him either prior to any questioning or during the questioning;

(C) if he is unable to employ an attorney, he has the right to have an attorney to counsel with him prior to or during any interviews with peace officers or attorneys representing the state;

(D) he has the right to terminate the interview at any time;

(E) if he is 15 years of age or older at the time of the violation of a penal law of the grade of felony the juvenile court may waive its jurisdiction and he may be tried as an adult; and

(F) the statement must be signed in the presence of a magistrate by the child with no law enforcement officer or prosecuting attorney present. The magistrate must be fully convinced that the child understands the nature and contents of the statement and that the child is signing the same voluntarily. If such a statement is taken, the magistrate shall sign a written statement verifying the foregoing requisites have been met.

The child must knowingly, intelligently, and voluntarily waive these rights prior to and during the making of the statement and sign the statement in the presence of a magistrate who must certify that he has examined the child independent of any law enforcement officer or prosecuting attorney and determined that the child understands the nature and contents of the statement and has knowingly, intelligently, and voluntarily waived these rights.

(2) it be made orally and the child makes a statement of facts or circumstances that are found to be true, which conduct tends to establish his guilt, such as the finding of secreted or stolen property, or the instrument with which he states the offense was committed.

(3) the statement was res gestae of the delinquent conduct or the conduct indicating a need for supervision or of the arrest.

The addition of subsection (b) allows a juvenile to waive his rights without presence of counsel or parent, thus changing the previous requirement of the statute. *See Lovell v. State,* 525 S.W.2d 511, 514 (Tex.Cr. App.1975).

 Since this is not an adjudicatory proceeding we do not consider the admissibility of this confession. *See In re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); *West v. United States,* 399 F.2d 467 (5th Cir. 1968). However, the purpose of the transfer proceeding authorized in Sec-

tion 54:02 is not to determine the innocence or guilt of the juvenile but to establish whether the juvenile's and society's best interest would be served by maintaining juvenile custody of the child or by transferring him to a criminal district court for adult proceedings. *Matter of Honsaker,* 539 S.W.2d 198 (Tex.Civ.App.—Dallas 1976). Subsection (f) of Section 54.02 specifically sets forth the matters that the court shall consider in making the determination as to whether to waive its exclusive original jurisdiction and transfer the trial to the appropriate criminal district court. These are:

(1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses, against the person;

(2) whether the alleged offense was committed in an aggressive and premeditated manner;

(3) whether there is evidence on which a grand jury may be expected to return an indictment;

(4) the sophistication and maturity of the child;

(5) the record and previous history of the child; and

(6) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.

Clearly paragraphs (1) and (2) are fully satisfied by this record. While we might differ with the conclusion reached by the trial court with respect to paragraphs (4), (5), and (6), we are not warranted in substituting our judgment in this regard for that of the juvenile court. *Matter of Honsacker, supra.* The admissibility of the confession has no bearing on any of these specific items that the juvenile court was to take into account with the exception of subsection (f)(3): "whether there is evidence on which a grand jury may be expected to return an indictment." The grand jury is not a proper forum for the determination of admissibility of the confession or the legal question as to whether a conviction could be supported upon the ba-

sis of the confession alone without other evidence of guilt. *Watson v. State,* 154 Tex.Cr.R. 438, 227 S.W.2d 559, 562 (1950); *Elliot v. State,* 444 S.W.2d 914, 917 (Tex.Cr. App.1969).

Taking into account the nature of these proceedings, the constitutional and other questions concerning this confession so strongly urged by the appellants need not be reached.

Appellant's points of error having been fully considered and being overruled in these transfer proceedings, the judgment of the trial court is hereby affirmed.

Affirmed.