563 S.W.2d 853 (1978)
R------ M------, a minor, Appellant,
v.
The STATE of Texas, Appellee.
No. 12745.
Court of Civil Appeals of Texas, Austin.
March 8, 1978.
*854 Thomas N. Bluntzer, Bartram, Reagan, Burrus & Dierksen, New Braunfels, for appellant.
Bill M. Reimer, Asst. County Atty., New Braunfels, for appellee.
PHILLIPS, Chief Justice.
This is an appeal from an order of the district court of Comal County sitting as juvenile court waiving its juvenile jurisdiction and transferring juvenile to district court for criminal prosecution.
We affirm this judgment.
The State of Texas petitioned the juvenile court for a waiver of jurisdiction and transfer hearing.[1] A hearing was held on the motion. At the conclusion thereof, the trial court entered an order waiving its juvenile jurisdiction and transferred appellant to the district court of Comal County for criminal proceeding as an adult. Appellant, represented by his guardian ad litem, appeals from this judgment.
The first question for our determination is whether this appeal has been duly perfected. Appellee contends that appellant failed to perfect his appeal. Appellee bases its contention on either of two reasons. First, appellee argues that no written notice of appeal was filed within the time limit specified in the Texas Rules of Civil Procedure nor was the oral announcement of appeal made in open court noted on the court's docket. Second, appellee argues that the statement of facts and transcript were not filed within the time prescribed by the Rules and that appellant failed to request an extension of time within the specified time limit.
Article 2276, Tex.Rev.Civ.Stat.Ann., provides that no bond is required on any appeal taken by guardians appointed by the courts of this state taken by them in their fiduciary capacity. The attorney ad litem (guardian ad litem appealing in his fiduciary capacity is exempted from posting a bond. Sheehan v. Southern Pacific Co., 422 S.W.2d 948 (Tex.Civ.App.Houston [1st Dist.] 1967, writ, ref'd n. r. e.). Notice of appeal by guardian acting in his fiduciary capacity perfects the appeal and no appeal bond is necessary. Park v. Hominick, 522 S.W.2d 533 (Tex.Civ.App.Corpus Christi 1974, no writ).
*855 Pursuant to Rule 354(c), Tex.R.Civ.P., when an appeal bond is not required by law, the appellant shall file a notice of appeal with the clerk thirty days after rendition of judgment or order overruling motion for new trial. The rule specifies what shall constitute sufficient notice. Rule 386, Tex. R.Civ.P., provides that appellant shall file the transcript and statement of facts with the clerk within sixty days from the rendition of the final judgment or order overruling motion for new trial. Rule 21c, Tex.R. Civ.P., governs the extension of time allowed for filing the transcript and statement of facts. Subparagraph (1) provides that an extension of time may be granted if a motion reasonably explaining the need therefore is filed within fifteen days of the last date for filing as prescribed by the applicable rule(s).
The record in this case discloses that J. C. Reagan was appointed as appellant's attorney and guardian ad litem, and appealed from the judgment of the court below in a representative capacity. Rendition of judgment occurred on September 2, 1977, and an Affidavit in Lieu of Cost Bond on Appeal, executed by Reagan as guardian ad litem of appellant, was filed on September 26, 1977. This affidavit contains the notice requirements set forth in Rule 354(c), Tex. R.Civ.P. Thus appellant gave timely notice of appeal.
We also overrule appellee's contention that appeal was not perfected because the transcript and statement of facts were not filed within the time prescribed by Rule 386, Tex.R.Civ.P., and because appellant did not request an extension within the time allowed. The record discloses that appellant satisfied the procedural steps prescribed under Rules 386 and 21c, Tex.R. Civ.P.
Appellant is before us on seven points of error which, in effect, present the question of whether the court below erred in transferring appellant to criminal district court for prosecution. Specifically, appellant argues that the evidence was insufficient regarding the level of intelligence, sophistication and maturity of appellant, of appellant's prior criminal record, and of the absence of the rehabilitative capacity of the Juvenile Court and the danger to the general public to warrant transfer of appellant. We do not agree.
The State alleged that on June 13, 1977, appellant, age fifteen, was charged with resisting arrest by the use of force.[2] The State also alleged that on June 23, 1977, appellant was arrested for the murder of, and deviate sexual intercourse with, a nonconsenting male juvenile. Furthermore, the record before us discloses that appellant's referral record consists of the following incidents: "(1) Shoplifting Class C on February 25, 1976; (2) Truancy in September, 1975; (3) Public intoxication (inhalation of aerosol paint) March 21, 1976."
On June 29, 1977, the juvenile court ordered that a diagnostic study of appellant be made. The following evaluation of appellant appears in the study: "(1) Is not and has not been enrolled in school for over one year; (2) Behaved in a violent and uncooperative manner with law enforcement officials; (3) Has been referred previously for minor criminal and status offenses; (4) Has not responded positively in past dealings with this office (Juvenile Probation); (5) Does not respect the authority of his mother or stepfather and they have spoken of difficulties in supervising him; (6) Is currently accused of a violent crime against the person of another and has manifested violent tendencies previously; (7) Shows no remorse over the murder incident of which he is accused; (8) Shows no change in tendency toward aggression despite current detained status."
In summary, the report prepared by the Juvenile Probation Office, depicts appellant as a violent and uncooperative person of low intelligence but one who manifests the maturity of a young adolescent in light of the crime he is accused of having committed.
The record before us also contains psychological evaluations of appellant. Included *856 in the Diagnostic Study are the reports of Dr. C. Lee Lowery and Dr. Harry A. Croft. Dr. Lowery's report states that appellant's social age is between fourteen and sixteen years of age. The conclusions reached from personality tests administered to appellant were that appellant is hostile and aggressive, possesses intense destructive impulses and moods, and experiences difficulty in emotional control. Dr. Croft's report describes appellant as an unsophisticated, immature person of borderline intelligence with antisocial and aggressive tendencies. Dr. Croft suggests that because of the likelihood of antisocial and aggressive behavior in the future, strong consideration be given to closed environment.
A report on appellant from Rusk State Hospital is also in the record. The report states that there is no evidence of mental retardation and no psychosis, and that appellant is competent to stand trial. It describes appellant as "quite streetwise" although deficient in academic skills, and recommends that appellant be handled as an adult.
Under his first point, appellant contends that there is insufficient evidence in the record regarding the sophistication and maturity to support his transfer to criminal district court. We do not agree.
We have considered the entire record and hold that the evidence supports the conclusion that appellant evidences sufficient maturity. Even assuming for the sake of argument, however, that there was insufficient evidence of appellant's maturity, the sophistication and maturity of appellant is but one factor, among others, to be considered in determining whether or not to transfer him to criminal district court. Meza v. State, 543 S.W.2d 189 (Tex.Civ.App. Austin 1976, no writ).
Appellant contends in his next point that the court erred in failing to find that appellant is mentally retarded, and in failing to dispose of this case as provided by law in that event. This contention is also without merit. The psychological evaluations of appellant in the record together with the testimony of the witnesses indicate that there is no evidence of mental retardation. Accordingly, appellant's second point is overruled.
Appellant in his third point claims that there is no evidence to show a prior offense by appellant of either public intoxication or "paint sniffing," and therefore, the court erred in so finding with regard to the record and previous history of the child. The point is overruled.
Officer Wommack of the New Braunfels Police Department testified that on June 13, 1977, he and his partner investigated a report that some juveniles were sniffing glue. The officers went to the location where the juveniles were seen. Upon arriving there, the officers observed four juveniles, one of whom was appellant. Two of the juveniles were detained. Appellant and another juvenile ran off. Officer Wommack also testified that the juveniles dropped some cans that they held in their hands. These cans turned out to be beer cans that contained silver spray paint. Officer Wommack stated that he ran after appellant and caught him. At this point, appellant started reacting violently. He was kicking, screaming and yelling obscenities. Five officers were required to subdue him. The court below ruled that the testimony on the paint sniffing incident was admissible for the limited purpose of considering the prospects of adequate protection of the public and the likelihood of rehabilitation of appellant.
The court was required to consider the past history and criminal record of appellant under section 54.02(f) of the Texas Family Code. This past violent occurrence was but one more incident from which the court could have reasonably concluded that appellant could not be rehabilitated or the public adequately protected.
In his fourth and fifth points, appellant contends that there is no evidence that appellant could not be rehabilitated or that the public could not be adequately protected if the juvenile court retained jurisdiction over appellant.
*857 Both points are overruled. After the restatement of the points in the brief, a short discussion that is nothing more than a reiteration of the points follows. The points are neither supported by argument nor authority and, therefore, are waived. Austin Lake Estates Recreation Club, Inc. v. Gilliam, 493 S.W.2d 343 (Tex.Civ.App. Austin 1973, writ ref'd n. r. e.).
Appellant's sixth point is that the court erred in specifically failing to make a finding or stating a reason regarding the sophistication and maturity of the child in its order waiving its jurisdiction.
In making its determination the court specifically considered all of the factors set out in section 54.02(f) of the Texas Family Code. Although the court did not make a specific finding regarding the sophistication and maturity of the child in its order in connection with waiver, the reasons why the court waived its jurisdiction expressly appear in the order. Therefore, the order certifying the appellant is adequate to make a valid judgment. As we stated above, the sophistication and maturity of appellant is but one factor, among others, to be considered in determining whether or not to transfer him to criminal district court. Meza v. State, supra.
Appellant claims in his final point that the court abused its discretion in certifying appellant as an adult and entering judgment waiving its jurisdiction over appellant. The point is overruled for the reasons previously stated.
The judgment is in all things affirmed.
Affirmed.
NOTES
[1] Tex. Family Code Ann. § 54.02 (1975).
[2] Appellant was arrested for public intoxication (inhalation of aerosol paints).