*Saldivar v. State*, 187 S.W.2d 996, 997 (Tex. Crim.App.1945).

The trial court's judgment is affirmed.

**In re C. L. Y.**

**No. 17160.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Aug. 17, 1978.

Michael E. Orsak, Sugar Land, for appellant.

Fred M. Flecman, Asst. Dist. Atty., Richmond, for appellee.

COLEMAN, Chief Justice.

C.L.Y. is charged with aggravated robbery of a chain store. At the time the offense was committed he was 16 years of age. In full compliance with the procedure required by the Texas Family Code the Juvenile Court entered an order waiving its exclusive original jurisdiction and transferred the child to the District Court for criminal proceedings. The matter was tried to the court without a jury. This appeal resulted.

Section 54.02 of the Family Code, Texas Revised Civil Statutes Annotated, states that "the juvenile court may waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal district court for criminal proceedings if:

. . . . .

(3) After full investigation and hearing the juvenile court determines that because of the seriousness of the offense or the background of the child the welfare of the community requires criminal proceedings."

In his order waiving jurisdiction the trial court recited:

"In making that determination the court has considered among other matters:

1. Whether the alleged offense was against person or property, with the greater weight in favor given to offense against the person;

2. Whether the offense was committed in an aggressive and premeditated manner;

3. Whether there is enough evidence upon which the Grand Jury may be expected to return an indictment;

4. The sophistication and maturity of the child;

5. The record and previous history of the child; and

6. The prospects of adequate protection of the public and the likelihood of reasonable rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court."

The trial court also included in his order specific findings of facts supporting the order. He found that C.L.Y. is of sufficient sophistication and maturity to be tried as an adult and to have aided in the preparation of his defense. He further recited that he had sufficient maturity to understand the consequence of his acts even though there was evidence that C.L.Y. functions as an illiterate and is mildly retarded.

The court found that the offense which the minor is alleged to have committed, namely: aggravated robbery, was against the person of another and was committed in an aggressive and premeditated manner. He also found that evidence was presented from which a grand jury might be expected to return an indictment.

The court found that the record and previous history of the minor reveals that he is over 17 years of age and that there is little, if any, prospect of adequate protection of the public and likelihood of reasonable rehabilitation of the minor by use of procedures, services, and facilities currently available to the juvenile court. The court recited that the minor had been before the juvenile court on three prior charges of a felony nature.

With the exceptions to be noted, the findings made by the trial court are well supported by the evidence.

The evidence presented to the trial court reflects that the minor in question together with another youth had visited the store on two occasions the same night but prior to the incident on which the charges are based. There is no testimony that C.L.Y. engaged in any activity that would be unlawful or suspicious on these occasions. The evidence discloses that C.L.Y., the other youth, and an older man who was carrying a shotgun returned to the store. The man with the

shotgun demanded that the clerk hand him the money in the cash register. The clerk complied and the boys left the store. The only testimony of behavior on C.L.Y.'s part that could be considered aggressive was to the effect that when the clerk hesitated after opening one of the cash registers, C.L.Y. reached for the money which he saw in the register. The testimony was that he said nothing and was not armed on this occasion.

■ A report submitted by Marseillaise Hall, acting Chief Probation Officer of the Fort Bend County Juvenile Department, was considered by the trial court. This report states: "Questioning of the witnesses placed C.L.Y. inside the Seven-Eleven store as an active participant in the events prior to and during the robbery. He concealed the 410 caliber shotgun, loaded with a number 6 Winchester super-x shell, in a location outside the store before the robbery.

"A study of the facts of the present offense:
1. Clint to be an active participant.
2. He conducted himself in an aggressive manner, by suggesting the offense and concealing the weapon.
3. The offense was against a person, rather than property.
4. Use of a deadly weapon for immediate gain."

Dr. Sam Toombs, a psychologist, testified that he examined C.L.Y. at the request of Marseillaise Hall from the Fort Bend County Juvenile Department. He saw no evidence of a schizophrenic condition and found him to be border-line retarded. His tests showed him to be in the area between low normal and retarded. It was his opinion that C.L.Y. did not really appreciate the acts that he does; that he does not appreciate what he ought to do and does not understand what he ought to do. It was his opinion that C.L.Y. would have trouble being able to accept norms of society and obey the norms and stay within the norms of society. It was his opinion that C.L.Y. needed close supervision in a program where he could learn to obey through teach-ing in a controlled situation. He did not know where an institution offering such a program was located.

C.L.Y.'s mother testified that at least in some areas he was retarded. He had difficulty in learning how to do things and had to be shown rather than told. She was not able to discipline him easily, but her husband had no trouble in this respect.

The reports were admissible in evidence and the trial judge was authorized to consider the contents in making his decision in the case. *In the Matter of Honsaker,* 539 S.W.2d 198 (Tex.Civ.App.—Dallas 1976, writ ref'd n. r. e.).

■ The statutory requirement that the juvenile court consider the maturity and sophistication of the child refers to the question of culpability and responsibility for his conduct, as well as to the consideration of whether he can intelligently waive rights and assist in the preparation of his defense. *REM v. State of Texas,* 541 S.W.2d 841 (Tex.Civ.App.—San Antonio 1976, writ ref'd n. r. e.). The evidence in this case raises a serious question as to whether the minor is sufficiently mature and sophisticated to understand the nature of his conduct.

The trial court clearly considered all of the matters required by Sub-section (f) of Section 54.02. While we might differ with the conclusion reached with respect to the sophistication and maturity of the child, his conclusions with reference to the other matters required to be considered are fully satisfied by this record. We are not warranted in substituting our judgment for that of the juvenile court in determining whether the best interests of the juvenile and of society would be served by waiving jurisdiction over the child where the court has considered the required matters. We should not be understood as holding that the factual sufficiency of the evidence to support the conclusion of the trial court cannot be attacked. In this case the question of the sophistication and maturity of the child is only one matter among many which the court must consider. His find-

ings on the other matters are sufficient to support his conclusion that the best interests of C.L.Y. and society would be served by transferring him to a district court for adult proceedings. *B. L. C. v. State*, 543 S.W.2d 151 (Tex.Civ.App.—Houston [14th Dist.], 1976, writ ref'd n. r. e.); *R. M. v. State*, 563 S.W.2d 853, (Tex.Civ.App.—Austin 1978, no writ).

■ The appellant challenges the order of the juvenile court as not stating reasons for waiver as required by the Texas Family Code, Section 54.02. The trial court set out specifically the reasons why he granted the waiver. The phrase "reasons for waiver" found in the Family Code has been defined to mean "that the Juvenile Court must set out the rationale of its order, and that is, the rational basis of the court's conclusion or motive that constrains entry of the order waiving jurisdiction." *In re JRC*, 522 S.W.2d 579, (Tex.Civ.App.—Texarkana 1975, writ ref'd n. r. e.). The order entered by the trial court met the test above setout and also the test prescribed by the Supreme Court of the United States in construing a similar enactment of the District of Columbia. *Kent v. United States*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966).

The judgment is affirmed.