605 S.W.2d 955 (1980)
In the Matter of S.E.C., a child, Appellant.
No. 17707.
Court of Civil Appeals of Texas, Houston (1st Dist.).
September 11, 1980.
*956 Johnson & Hobson, Carolyn D. Hobson, Houston, for appellant.
Larry P. Urquhart, Susan W. Crump, Houston, for appellee.
Before WALLACE, PEDEN and DOYLE, JJ.
WALLACE, Justice.
This is an appeal from an order of the juvenile court waiving its jurisdiction and transferring appellant to the criminal district court for prosecution as an adult pursuant to Section 54.02 of the Texas Family Code. Appellant asserts that the juvenile court erred in: (1) waiving jurisdiction because there is insufficient evidence to support the court's findings; (2) holding that the state had met its burden of proof as to the appellant's age; (3) ordering appellant to be tried as an adult without having obtained a diagnostic study, social evaluation and investigation of appellant, as well as circumstances of the alleged offense; (4) refusing to hear appellant's motion as to the voluntariness of his confession; and (5) admitting appellant's confession, which he alleges was obtained in violation of Section 52.02 of the Family Code. We affirm.
*957 On October 27, 1979, Delfino E. Galban was murdered by a slashing of his throat. On October 28, officer J. M. Gratz of the Houston Police Department responded to a call from Mr. Don Gaskey regarding this murder. Mr. Gaskey was manager of a Pizza Hut and worked as a minister to ex-juvenile offenders for Unity Baptist Church. When officer Gratz arrived at the Pizza Hut where Mr. Gaskey worked, he was introduced to David Thomas who told the officer that he had killed a man the day before. David Thomas took the officer to the decedent's automobile, which Thomas said he had stolen. He produced the keys to the car and handed them to the officer. Thomas was taken to the police station. The following day officer Gratz responded to another call from Mr. Gaskey, and when he went to the Pizza Hut Mr. Gaskey handed him a knife which he said was the murder weapon. He then introduced the officer to the appellant. The officer gave appellant a Miranda warning and a Family Code warning and then asked appellant his age; the appellant said he was sixteen. Appellant that told the officer that he was present with David Thomas when he killed decedent and that David Thomas told him he would also kill him if he didn't help kill the decedent. He took the officer to a field near where decedent's car was located the previous day, where some of decedent's clothing had been left. The clothing was retrieved and the appellant taken to the police station. He was taken before Judge Walker, sitting as a magistrate, and given the required warnings. The appellant was returned to the police station and turned over to another juvenile officer, who talked with him and had his confession typed. Officer Gratz then took appellant to Judge Cole, a family district court judge, sitting as a juvenile judge. The officer delivered appellant and the unsigned confession to Judge Cole's clerk and waited in the courtroom while Judge Cole, his clerk and the appellant went into the judge's chambers. The clerk then delivered the confession, signed by appellant and certified by Judge Cole, together with the appellant to the officer who returned him to custody of the juvenile division. Judge Cole's clerk testified that after being given the required warnings in her presence, the appellant read the confession, agreed that it was true and correct and signed it. She further testified that no police officer or representative of the district attorney's office was present when this was done. Dr. Thomas Soto, Ed.D., Dr. Jerome B. Brown, Ph.D., Dr. John D. Nottingham, M.D., Dr. Jean Moure, M.D., and Dr. Nicholas Bachynasky, Ph.D., all examined appellant. He was administered a complete battery of psychological tests, a competency evaluation test, a psychiatric examination, and a complete neurological and physical examination. Reports on all these tests were submitted to the trial court.
By his points of error IV and V, appellant contests the trial court's refusal to conduct a hearing on appellant's motion to determine the voluntariness of his confession and the trial court's admitting the confession into evidence.
At a certification hearing the court does not consider guilt or innocence, but rather it considers whether the child's and society's best interests would be served by maintaining custody of the child in the juvenile system or by transferring the child to a district court for a trial as an adult. In the Matter of Honsaker, 539 S.W.2d 198 (Tex.Civ.App.-Dallas 1976, writ ref. n. r. e.). Since a certification hearing is not an adjudicatory hearing, the court does not consider the admissibility of a confession.
In a certification hearing, it is the duty of the trial court to determine if there is sufficient evidence upon which a grand jury might be expected to return an indictment. A grand jury does not determine admissibility, so the existence of a confession may be considered for that purpose, but its admissibility is not considered. B.L.C. v. State, 543 S.W.2d 151 (Tex.Civ. App.-Houston [14th Dist.] 1976, writ ref. n. r. e.). Appellant's points of error four and five are overruled.
Appellant's second point of error contends that the trial court erred in holding that the State met its burden of proof as to *958 appellant's age. Alice Sweeney, the Juvenile Probation Officer assigned to this case, testified that she made six different futile attempts to secure appellant's birth certificate from the State of Connecticut. Each attempt failed because a judge of a court in Connecticut in which appellant was on probation refused to permit the appropriate authorities to furnish her with the birth certificate. The reason given was that the law in Connecticut provides that a juvenile judge may deny access to a juvenile's records if the judge determines that such would not be in the best interest of the juvenile.
Appellant stated in his signed confession that he was born July 16, 1963. He stated to officer Gratz on the day of his arrest that he was sixteen years old. He told Dr. Nottingham that he was born July 16, 1963. Appellant correctly contends that it was the State's burden to prove by competent evidence that he was a child as defined by the Family Code. Miguel v. State, 500 S.W.2d 680, 681 (Tex.Civ.App.-Beaumont 1973, no writ). Appellant contends that his statements to the various witnesses as to his birth date was hearsay, and as such inadmissible. These statements were admissions by the appellant and admissible as substantive evidence on the issues of his age. This is true even though his statements may have been based upon hearsay. Snyder v. Schill, 388 S.W.2d 208 (Tex.Civ.App.-Houston [1st Dist.] 1964, writ ref. n. r. e.). Appellant's second point of error is overruled.
By his first and third points of error appellant contends that there was insufficient evidence to support the court's order certifying him as an adult and further that the court erred in certifying him without having obtained a diagnostic study, social evaluation, and investigation of his circumstances and the circumstances of the alleged offense.
The court record affirmatively shows that the court ordered and was furnished with each study required by Section 54.02(d) of the Family Code. Appellant's first point of error is overruled.
The record shows that appellant was examined by two psychiatrists, a psychologist, a neurologist, an electroencephalographer and a general physician. The psychological reports suggest that appellant freely discussed his past including his relationship with his parents, his teachers and his peers, as well as his medical history. The thrust of appellant's argument is that the court was required to obtain and consider the records from Connecticut in order to comply with the requirements that the court consider appellant's sophistication and maturity as well as his record and previous history. Our courts have held that the requirement that the court consider the child's sophistication and maturity refers to the question of culpability and responsibility of the child for his conduct, as well as the consideration of whether he can intelligently waive his rights and assist in his defense. In re C. L. Y., 570 S.W.2d 238 (Tex.Civ.App.-Houston [1st Dist.] 1978, no writ); R. E. M. v. State, 541 S.W.2d 841 (Tex.Civ.App.-San Antonio 1976, writ ref. n. r. e.). The psychiatric report states that the appellant appeared to understand the function of his attorney, seemed to relate to her adequately and that he had a rational and factual understanding of the proceedings against him. Further, that he was a normal sixteen year old, cooperative, candid, very articulate and knew fact from fantasy. The other professionals who examined the appellant reported like findings. The evidence supports the trial court's finding that appellant is of sufficient sophistication to understand the court proceedings and to rationally assist in his defense.
It is true that the State was prevented from obtaining a more detailed documentation of appellant's history, however, appellant disclosed in the psychiatric examination much information relating to his past. He denied any psychiatric history but admits that he had received counselling for alcohol and drug abuse; he told the doctors that the reason he left home was because his father was an alcoholic and his parents were having marital problems; he stated that he had disagreements with his father; that he had never had special education, that he had failed the second grade and *959 that he had completed the eleventh grade. The evidence is sufficient to support the court's statement that it considered the appellant's record and past history. The court is required only to consider all elements set out in Section 54.02(f) of the Family Code and is not required to make findings of fact on each of them, rather it must state the findings upon which the decision to certify the child is based. T. P. S. v. State, 590 S.W.2d 946, 953 (Tex.Civ.App.-Dallas 1979, writ ref. n. r. e.). The trial court met this requirement. Appellant's third point of error is overruled.
The trial court's order certifying appellant as an adult is affirmed.