In the Matter of M.A.B., A Child.

No. 2355cv.

Court of Appeals of Texas, Corpus Christi.

Aug. 26, 1982.

Carol J. Carrier, Carrier & McKinzie, Moncie Rasmus, Houston, for appellant.

John B. Holmes, Dist. Atty., Houston, for appellee.

Before BISSETT, UTTER, and KENNEDY, JJ.

## OPINION

KENNEDY, Justice.

This is an appeal from an order of a juvenile court, waiving its exclusive original jurisdiction and transferring the cause to a district court for criminal proceedings.[1] The underlying offense alleged is capital murder. Facts will be recited as needed in addressing appellant's individual points of error.

In his first point of error appellant contends that the juvenile court erred in considering a confession before having a hearing on the voluntariness of the confession. Appellant insists that disposition of this issue is governed by *In re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), in which it was held that juveniles are entitled to due process safeguards at delinquency hearings at which they may be deprived of their freedom.

Due to the very nature of that case, and the holding therein, we find *In re Gault* to be readily distinguishable from the case at bar and, therefore, inapplicable. A certification hearing is not an adjudication of the guilt or innocence of the minor accused, but

---

1. The State filed its motion in the 315th Juvenile Court of Harris County, Texas, pursuant to Tex.Fam.Code Ann. § 54.02 (Vernon's Supp. 1982), requesting that that court waive its exclusive original jurisdiction over appellant, certify him as an adult and transfer the case to the criminal district court. After hearing evidence, the court granted that motion.

rather a determination of whether the child's and society's best interests would be served by maintaining custody of the child in the juvenile system or by transferring him to a district court for trial as an adult. *In the Matter of S.E.C.,* 605 S.W.2d 955, 957 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ); *In the Matter of P.A.C.,* 562 S.W.2d 913, 915 (Tex.Civ.App.—Amarillo 1978, no writ); *In the Matter of Honsaker,* 539 S.W.2d 198, 201 (Tex.Civ.App.—Dallas 1976, writ ref'd n.r.e.). The question of admissibility of a confession is not in issue at a certification hearing. *In the Matter of S.E.C.,* supra; *B.L.C. v. State,* 543 S.W.2d 151, 153 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.). The juvenile court did not err in refusing to hear appellant's motion on the voluntariness of his confession. *In the Matter of S.E.C.,* supra.

Appellant next complains of the lower court's admission into evidence of the certification investigation report which included psychological and psychiatric reports concerning appellant, compiled as the result of interviews with him. It is appellant's contention now that the admission of such was violative of his Fifth Amendment rights absent a showing that he had been given *Miranda*[2] warnings prior to the interviews.

■ This position differs from appellant's objection made in the lower court that the report did not accurately reflect his condition. A constitutional error may be waived by failure to object. *Thompson v. State,* 537 S.W.2d 732, 736 (Tex.Cr.App. 1976). Because his objection in this Court differs from that proffered below, appellant's second point of error presents nothing for review. *Carillo v. State,* 591 S.W.2d 876, 892 (Tex.Cr.App.1979); *Crocker v. State,* 573 S.W.2d 190, 205 (Tex.Cr.App. 1978).

■ In his third, fifth, and seventh points of error appellant takes exception to the testimony of three witnesses concerning, respectively, the report of the medical examiner who performed the autopsy upon the deceased, the certification investigation report regarding appellant's mental competence, and the report of a fingerprint expert who examined the scene of the crime. The basis of appellant's objections is that the testimony in issue constituted hearsay. These objections were overruled.

The trend of authority is that certification hearings are dispositional in nature, and that hearsay rules do not apply. *In re R.G.S.,* 575 S.W.2d 113, 118 (Tex.Civ.App.—Eastland 1979, writ ref'd n.r.e.). However, assuming arguendo that the objected to testimony did constitute inadmissible hearsay, this Court will presume that the lower court, acting without benefit of a jury, did not consider inadmissible evidence. *In re Y.S.,* 602 S.W.2d 402, 404 (Tex.Civ.App.—Amarillo 1980, no writ); *Fletcher v. Travis County Child Welfare Dept.,* 539 S.W.2d 184, 186 (Tex.Civ.App.—Austin 1976, no writ). Points of error numbers three, five, and seven are overruled.

■ Point of error number four asserts that appellant's motion for directed verdict was improperly denied. At the basis of this argument lies appellant's contention that his guilt of the underlying alleged offense should have been proved beyond a reasonable doubt. The State is not required to establish the issues beyond a reasonable doubt at a certification hearing. *In the Matter of I.J.,* 546 S.W.2d 110, 111 (Tex.Civ. App.—Eastland 1977, no writ). We overrule appellant's point of error.

■ Finally, appellant alleges abuse of discretion on the part of the juvenile court in waiving jurisdiction. In support thereof appellant cites us to the testimony of a probation officer who testified that *if* appellant were to remain in the juvenile system, the most appropriate treatment could be afforded by the Texas Youth Council. Appellant misinterprets this testimony to mean that, in the opinion of the witness, appellant should be kept in the juvenile system. Such was not the case. In effect, appellant asks this Court to substitute its judgment for that of the lower court, and we decline to do so. *In the Matter of I.L.,*

2. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

577 S.W.2d 375, 377 (Tex.Civ.App.—Austin 1979, writ ref'd n.r.e.); *B.L.C. v. State,* supra, 543 S.W.2d at 154. Appellant's sixth point of error is overruled, and the judgment of the juvenile court is AFFIRMED.