Paris 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00569-CR







Willie Marie Paris, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF DALLAS COUNTY, 265TH JUDICIAL DISTRICT


 NO. F94-51117-R, HONORABLE KEITH DEAN, JUDGE PRESIDING 








 Willie Marie Paris, appellant, was charged with possession of cocaine in an amount
less than twenty-eight grams. Tex. Health & Safety Code § 481.115 (West Supp. 1996). (1) After
her motion to suppress the cocaine was denied, she waived her right to a jury and pled guilty. 
The trial court assessed punishment at confinement for four years in the Institutional Division of
the Texas Department of Criminal Justice, probated for four years, and a fine of $350. In her sole
point of error, appellant argues that the trial court erred in denying her motion to suppress the
cocaine seized as fruit of her illegal arrest. We will affirm the trial court's judgment.



BACKGROUND


 Two Dallas police officers stopped a car with an inoperative brake light around
9:40 p.m. on February 16, 1994. As Officer Steven Gross approached the passenger side of the
car, he observed appellant, who was a passenger in the front seat, attempt to hide something
behind her back and pop something into her mouth. Officer Gross testified that he suspected she
was trying to hide or dispose of illegal drugs. He ordered the passenger out of the car and told
her to "spit it out." Officer Gross testified that he grabbed her throat in an attempt to prevent her
from swallowing; appellant testified that he choked her. Despite the officer's hold on her throat,
appellant appeared to swallow whatever was in her mouth. Officer Gross testified that he then
asked, "Why did you swallow the dope?" and appellant responded, "To keep y'all from getting
it." Appellant's story is that she never had anything in her mouth but blurted out, "I swallowed
it," to get the officer to quit choking her. Officer Gross testified that he asked appellant to move
several steps from the car, and handed her over to Officer Jay Reel while he looked in the car with
his flashlight. On the floorboard in front of the passenger seat, Officer Gross saw two red baggies
that he recognized as the type commonly used by drug dealers to package crack cocaine. He
removed the baggies and placed appellant under arrest. The baggies contained two rocks of crack
cocaine that together weighed .10 grams.



ANALYSIS


 In reviewing a motion to suppress evidence, we view the evidence in the light most
favorable to the ruling below, in recognition of the fact that the trial court is the sole judge of the
weight and credibility of the witnesses, entitled to believe or disbelieve any or all of the
testimony. Clark v. State, 548 S.W.2d 888, 889 (Tex. Crim. App. 1977). We only decide
whether the record supports the trial court's findings; if the trial court's decision is correct on any
theory of law it will be sustained. Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App.
1990). We will disturb the trial court's ruling on the admissibility of evidence only if there is a
clear abuse of discretion. Williams v. State, 535 S.W.2d 637, 639-40 (Tex. Crim. App. 1976).

 Appellant's theory is that she was illegally arrested, and the search that produced
the crack cocaine was inadmissible as the fruit of her illegal arrest. D.B. v. State, 556 S.W.2d
845, 848 (Tex. App.--Houston [14th Dist.] 1977, no writ). Appellant argues that Officer Gross's
violence in choking her constituted an arrest, or invalidated her admission, "I swallowed it," as
probable cause for her arrest. Because under either theory her arrest would be illegal, the ensuing
search that revealed the cocaine would also be illegal. The State concedes that appellant was
arrested without a warrant and therefore it has the burden to show probable cause for the arrest,
see Reichaert v. State, 830 S.W.2d 348, 349 (Tex. App.--San Antonio 1992, pet. ref'd), or to
otherwise justify the search. The State argues (1) that Officer Gross did not violently choke
appellant and did not "arrest" her by grabbing her throat, and (2) that the officers had the right
to search for evidence in plain view as part of their investigatory stop, apart from any arrest. 
After discovering the crack cocaine the officers had the authority to arrest appellant because an
offense was committed in their presence. Tex. Code Crim. Proc. Ann. art. 14.01(b) (West 1977).

 We begin our analysis by noting that appellant does not challenge the validity of
the initial stop. See Tex. Transp. Code Ann. §§ 547.004, .323 (West 1996). We reject
appellant's theory that the cocaine was the poisoned fruit of an illegal search on two grounds. 
First, the only testimony before the trial court was that appellant was arrested after the cocaine
was discovered, not before the search. For the search to be poisoned, we must hold that the
violence exerted against appellant transformed her detention into an illegal arrest. The trial court
had contradictory testimony about the force that was applied to appellant's throat when she was
believed to be in the act of swallowing an illegal substance. It could have believed the two
officers and disbelieved the appellant about the "choking." The State points out that the officer's
grabbing appellant's throat does not transform the investigatory stop into an arrest. In Sanders
v. State, 855 S.W.2d 151, 153 (Tex. App.--Houston [14th Dist.] 1993, no pet.), the court held that
after a suspect threw suspected contraband into his mouth, the officer had probable cause to seize
him around the neck in an effort to prevent destruction of the contraband. Similarly, Office Gross
had probable cause to grab appellant's throat and this action did not constitute an illegal arrest that
poisoned the subsequent search.

 Second, the officers did not appear to rely on appellant's blurted admission, "I
swallowed it," as the basis for their search, but rather conducted the search as part of their
investigatory stop. Under these circumstances, the search that yielded the two baggies did not
exploit any illegal detention or arrest, had there been such. The facts before us are similar to
those in Lewis v. State, 664 S.W.2d 345 (Tex. Crim. App. 1984), in which the court held that
detention of the suspect was not a "but for" cause of the search. There police officers stopped a
vehicle for a traffic violation, issued a ticket, and then continued to detain the vehicle and remove
its occupants. The defendant argued that detaining the car or its occupants after issuing a ticket
for the infraction that gave rise to the stop made the subsequent search illegal. The court
disagreed, holding that the officers were entitled to search the vehicle, with or without removing
the occupants and detaining them further, as a result of the initial stop. It cited Wong Sung v.
State, 371 U.S. 471, 487-88 (1963), for the principle that the proper inquiry in such instances was
"whether granting establishment of the primary illegality, the evidence to which instant objection
is made has been come at by exploitation of that illegality or instead by means sufficiently
distinguishable to be purged of the primary taint." Lewis, 664 S.W.2d at 348. Because the
complained-of search in this cause did not result from an exploitation of the allegedly violent act
of Officer Gross, it was not an illegal search. The initial stop and appellant's furtive actions gave
the officers the right to remove appellant and investigate further. See Pennsylvania v. Mimms,
434 U.S. 106 (1977) (officer may order person out of car after traffic stop for safety); Worthey
v. State, 805 S.W.2d 435, 439 (Tex. Crim. App. 1991) (officer authorized to conduct a limited
search of the car for weapons during traffic stop). Based on his testimony at trial, Officer Gross
had "a reasonable suspicion, based on specific, articulable facts that, in light of the officer's
experience and general knowledge, [led] the officer to the reasonable conclusion that criminal
activity [was] underway and that the detained person [was] connected with the activity." Barnes
v. State, 870 S.W.2d 74, 77 (Tex. App.--Houston [1st Dist.] 1993, pet. ref'd) (white tissue paper
in mouth as appellant mumbled an answer supported suspicion of involvement in narcotics where
officer knew such tissue is often used to carry crack cocaine).

 Contraband in plain view may be seized if (1) the initial intrusion is proper, and
(2) it is immediately apparent to the police that they have evidence before them. State v. Haley,
811 S.W.2d 597, 599 (Tex. Crim. App. 1993). Having reasonable suspicions that allowed him
to detain appellant and remove her from the car, Officer Gross was properly positioned at the
open passenger door, satisfying the first condition. He also testified at trial that the two baggies
plainly in view on the floorboard were of a type he knew to be used to package crack cocaine,
satisfying the second condition. The permissible stop, followed by the permissible detention,
placed the officer in a position to discover what appeared to be, and proved to be, evidence of
criminal activity, apart from any reliance on appellant's blurted admission that "I swallowed it." 
This plain view seizure provides a second basis for sustaining the trial court's denial of the motion
to suppress.



CONCLUSION


 Finding that the record fully supports the trial court's finding that the cocaine
should not be suppressed, we overrule appellant's sole point of error and affirm the trial court's
judgment.


 

 

 Bea Ann Smith, Justice

Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: February 14, 1996

Do Not Publish

1.   This offense took place in 1994, and is governed by the law in effect at that time. 
Because subsequent changes to the applicable laws have no substantive effect on this offense,
the current codes are cited for the sake of convenience. Penal Code, 73rd Leg., R.S., ch.
900, § 1.18, 1993 Tex. Gen. Laws 3586, 3705.


top. Under these circumstances, the search that yielded the two baggies did not
exploit any illegal detention or arrest, had there been such. The facts before us are similar to
those in Lewis v. State, 664 S.W.2d 345 (Tex. Crim. App. 1984), in which the court held that
detention of the suspect was not a "but for" cause of the search. There police officers stopped a
vehicle for a traffic violation, issued a ticket, and then continued to detain the vehicle and remove
its occupants. The defendant argued that detaining the car or its occupants after issuing a ticket
for the infraction that gave rise to the stop made the subsequent search illegal. The court
disagreed, holding that the officers were entitled to search the vehicle, with or without removing
the occupants and detaining them further, as a result of the initial stop. It cited Wong Sung v.
State, 371 U.S. 471, 487-88 (1963), for the principle that the proper inquiry in such instances was
"whether granting establishment of the primary illegality, the evidence to which instant objection
is made has been come at by exploitation of that illegality or instead by means sufficiently
distinguishable to be purged of the primary taint." Lewis, 664 S.W.2d at 348. Because the
complained-of search in this cause did not result from an exploitation of the allegedly violent act
of Officer Gross, it was not an illegal search. The initial stop and appellant's furtive actions gave
the officers the right to remove appellant and investigate further. See Pennsylvania v. Mimms,
434 U.S. 106 (1977) (officer may order person out of car after traffic stop for safety); Worthey
v.