v.

The STATE of Texas, Appellee.

No. A2358.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

April 16, 1980.

Peter J. Sapio, Jr., Galveston, for appellant.

James F. Hury, Jr., Criminal Dist. Atty., Gerald A. Burks, Asst. Dist. Atty., Galveston, for appellee.

Before J. CURTISS BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a discretionary transfer of juvenile jurisdiction to the criminal district court pursuant to Tex.Fam.Code Ann. § 54.02 (Vernon 1975).

Appellant was charged with aggravated robbery. He was sixteen at the time of the alleged offense. Shortly after his arrest, appellee filed a Petition for Discretionary Transfer to the Criminal District Court. At the hearing on appellee's petition, a written confession by appellant and a diagnostic report and evaluation of appellant, requested by appellee, were admitted into evidence. Appellant's objections to the admission of these documents were overruled. The court granted the petition and transferred jurisdiction accordingly.

In his first point of error appellant attacks the admission of the written confession on the grounds that appellant was not warned by the Magistrate that any statement he gave must be signed in the presence of the Magistrate and independent of any law enforcement officer or prosecuting attorney. This warning is provided for in Tex.Fam.Code Ann. § 51.09(b)(1) (Vernon Supp.1980) and must be given prior to taking the confession.

In *B. L. C. v. State*, 543 S.W.2d 151 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n. r. e.), however, we held that the admissibility of a confession should not be considered in an appeal from this type of proceeding as the hearing is not adjudicatory in nature. We said:

> [t]he purpose of the transfer proceeding authorized in section 54.02 is not to determine the innocence or guilt of the juvenile but to establish whether the juvenile's and society's best interest would be served by maintaining juvenile custody of the child or by transferring him to a criminal district court for adult proceedings. [citations omitted]

*Id.* at 153–154.

■ Appellant contends that the admission of the confession was error for the additional reason that it was taken without the presence of counsel and, therefore, was in violation of appellant's rights under the Sixth and Fourteenth Amendments of the United States Constitution. As discussed above, the confession was not used in an adjudication of appellant's guilt or innocence, and therefore, his constitutional rights have not been abridged. Moreover, one of the factors to be considered by the juvenile court in determining whether to waive its jurisdiction and transfer the child is "whether there is evidence on which a grand jury may be expected to return an indictment." Tex.Fam.Code Ann. § 54.-02(f)(3) (Vernon 1975). As the grand jury is not bound by the rules of evidence in determining whether to return an indictment, *In the Matter of D. W. M.*, 556 S.W.2d 390 (Tex.Civ.App.—Waco 1977, no writ), it could properly consider this confession. Therefore, it was proper to admit the confession and consider it for this purpose. The Sixth and Fourteenth Amendments do not necessarily require the advice and assistance of counsel for a juvenile to waive his constitutional rights. *McLemore v. Cubley*, 569 F.2d 940 (5th Cir. 1978). Rather, "a court must examine the 'totality of circumstances' to determine whether a juvenile has validly waived his rights against self-incrimination and to counsel." *Id.* at 940. In the case before us, appellant was given the *"Miranda"* warnings prior to executing the written statement in question and at no time did he request the presence of his attorney. Further, there is no indication of any coercion or other impermissible circumstances negating a conclusion that appellant's waiver of his rights was voluntarily, freely, and knowingly made.

■ Appellant also complains of the admission of the psychological report and evaluation of appellant which had not been requested or consented to by him or his attorney. Appellant concedes that Tex.Fam.Code Ann. § 54.02(d) (Vernon 1975) requires that,

> [p]rior to the hearing, the juvenile court shall order and obtain a complete diagnostic study, social evaluation, and full investigation of the child, his circumstances, and the circumstances of the alleged offense.

Apparently, he contends that such a requirement violates appellant's right against

self-incrimination under the Fifth Amendment of the United States Constitution. This contention is untenable for two reasons. First, the proceeding provided for in Tex.Fam.Code Ann. § 54.02 (Vernon 1975) is to determine whether the juvenile court should waive its exclusive original jurisdiction and transfer the child to the appropriate district court. As discussed above, this proceeding is not an adjudication of the child's guilt or innocence and, therefore, the child's Fifth Amendment rights are not in issue. Second, section 54.02(d) does not require the court to order the child to discuss his or her involvement in the alleged crime with the examiner but merely "the circumstances of the alleged offense." No self-incriminatory statements are required by section 54.02(d), and any given must be preceded by the warnings in section 51.09(b) to be used against the child in any subsequent trial. Consequently, appellant's Fifth Amendment rights are in no way jeopardized by the requirement of a complete diagnostic study, social evaluation, and full investigation of the child, his circumstances, and the circumstances of the alleged offense, nor by the use of the information and results from said study, evaluation, and investigation in this discretionary transfer proceeding.

Affirmed.