602 S.W.2d 402 (1980)
In re Y. S.
No. 9165.
Court of Civil Appeals of Texas, Amarillo.
July 9, 1980.
*403 Tomas Garza, Lubbock, Sam Jones, Waco, for appellant.
John T. Montford, Criminal Dist. Atty., Paulina M. Jacobo, Asst. Criminal Dist. Atty., Lubbock, for appellee.
COUNTISS, Justice.
This is an appeal from a judgment of the juvenile court transferring the child, Y. S., to district court for trial as an adult. The issues before this court are whether the trial court erred in admitting the juvenile summary and the child's statement into evidence, and whether there is any, or sufficient, evidentiary support for the findings of the juvenile court. Finding no reversible error, we affirm.
During the early morning hours of July 7, 1979, Ben Guzman was stabbed to death at a swimming pool in Lubbock, Texas. The child, Y. S., then sixteen years of age, was arrested later that day and confessed to stabbing Guzman. Proceedings were immediately initiated under section 54.02 of the Texas Family Code[1] by the state, which requested that the juvenile court waive its jurisdiction and transfer Y. S. to the district court for criminal proceedings. After a hearing, the juvenile court granted the state's request. Y. S. duly perfected his appeal to this court, contending by four points of error that the juvenile court erred (1) in admitting the state's juvenile summary into evidence because a proper foundation was not established for the report and portions of it contained hearsay; (2) in admitting Y. S.'s statement into evidence because the statement was obtained in violation of section 51.09 and various provisions *404 of the U.S. Constitution; (3) because there is no evidence to support the findings of the juvenile court; and (4) because there is insufficient evidence to support the findings of the juvenile court. We will consider points one and two separately and points three and four collectively.
The state's first witness at the transfer hearing was a representative of the Lubbock County Juvenile Probation Department. He identified a juvenile summary he had prepared concerning Y. S. which the state offered in evidence. Y. S.'s counsel objected primarily on the hearsay ground, but the court overruled the objection and admitted the report. In admitting the report, the trial judge stated he would not consider any hearsay in the report concerning the alleged offense that precipitated the request for transfer.
Y. S.'s contention that a proper foundation was not established for the report is deficient in two respects. First, the witness identified the report and testified he prepared it. In the context of a transfer hearing, that was a sufficient foundation. Tex.Fam.Code Ann. § 54.02(e) (Vernon 1975). Second, there was no objection to the report for lack of a proper foundation; thus, the objection was waived. Morgan v. Arnold, 441 S.W.2d 897, 902 (Tex.Civ.App. Dallas 1969, writ ref'd n. r. e.).
Y. S.'s hearsay argument is also deficient in two respects. First, the hearsay objection was leveled only at that portion of the juvenile summary describing the offense Y. S. was alleged to have committed against Guzman. The trial judge specifically stated he would not consider that portion of the report, and we presume he did not do so. In a non-jury trial, the appellate court will usually presume the trial court did not consider inadmissible evidence. Fletcher v. Travis County Child Wel. Dept., 539 S.W.2d 184, 186 (Tex.Civ. App.Austin 1976, no writ). Thus, the hearsay was not before the court. Second, even if we construe Y. S.'s hearsay objection to go to the entire report, the objection is not valid. The specific terms of section 54.02(e) permit the court to "consider written reports from probation officers . . . in addition to the testimony of witnesses." By differentiating between written reports and testimony, it is apparent that the legislature contemplated consideration of hearsay information by the court. Obviously, a juvenile probation officer preparing a written report on the background, history and activities of a child must deal in hearsay,[2] since the officer seldom would have actual knowledge of these matters. The trial court did not err in admitting the report. In Re R. G. S., 575 S.W.2d 113, 119 (Tex.Civ. App.Eastland 1978, writ ref'd n. r. e.); In Re C. L. Y., 570 S.W.2d 238, 240 (Tex.Civ. App.Houston [1st Dist.] 1978, no writ). The first point is overruled.
By his second point of error, Y. S. attacks the admission of his statement on three grounds. He contends the statement was obtained (1) in violation of section 51.09 of the Texas Family Code; (2) in violation of his right to counsel; and (3) involuntarily, coercively and by means of improper inducements.
The statement made by Y. S. was admitted after proper identification and was relevant to the question of whether a grand jury could be expected to return an indictment. It was neither offered nor received for the purpose of establishing the child's guilt, nor is that an issue in a transfer hearing. Thus, Y. S.'s arguments concerning violation of statutory or constitutional standards are premature because those arguments apply to statements being used for adjudication purposes. Matter of P. A. C., 562 S.W.2d 913, 915 (Tex.Civ.App. Amarillo 1978, no writ); B. L. C. v. State, 543 S.W.2d 151, 153-54 (Tex.Civ.App. Houston [14th Dist.] 1976, writ ref'd n. r. e.). In the transfer hearing, "it was not necessary for the trial judge to determine if the confession was admissible in a trial of *405 guilt or innocence . . . ." Matter of P. A. C., supra, at 916. The second point of error is overruled.
By his third and fourth points of error, Y. S. attacks the evidentiary support for the findings of the juvenile court. Section 54.02(f) requires the juvenile court to consider the following matters in deciding whether to transfer the child to district court:
(1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;
(2) whether the alleged offense was committed in an aggressive and premeditated manner;
(3) whether there is evidence on which a grand jury may be expected to return an indictment;
(4) the sophistication and maturity of the child;
(5) the record and previous history of the child; and
(6) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.
In accordance with the statutory mandate, the court considered the foregoing matters and made the following findings:
(1) The offense committed by said child is against a person, and was committed in an aggressive and premeditated manner,
(2) There is enough evidence upon which the Grand Jury may be expected to return an indictment against the Respondent,
(3) Said child is reasonably sophisticated and mature for his age and should be treated as an adult,
(4) The record and previous history of the child, as evidenced by the report of the Chief Juvenile Probation Officer and other evidence presented in this Cause, warrant that the child be treated as an adult. The Court specifically found that a long list of offenses is not required to warrant a finding that the child be treated as an adult.
* * * * * *
(5) That the use of procedures, services, and facilities currently available to the Juvenile Court will not and have not been adequate to provide protection of the public, and that it [is] unlikely that [Y. S.] will be rehabilitated by the use of procedures, services, and facilities currently available to the Juvenile Court.
Y. S.'s no evidence point of error requires us to consider only the evidence and inferences tending to support the finding under attack and disregard all the evidence and inferences to the contrary, while his insufficiency point requires that we consider all of the evidence in order to determine whether the evidence supporting the finding is so weak, or the evidence to the contrary so overwhelming, that the finding should be set aside and a new trial ordered. Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965).
After reviewing the evidence in accordance with the above factual and legal sufficiency standards, we are satisfied there is ample support for the findings of the trial court. Findings (1) and (2) are supported by the undisputed evidence of the nature of the offense, the method of its commission and the child's statement. Findings (3) and (5) are supported by the detailed testimony of Ray Holt Brown, a psychologist appointed by the juvenile court to examine Y. S. Finding (4) is supported by the juvenile probation department's report which included information on Y. S.'s prior contact with law enforcement personnel, his use of alcohol and lax parental supervision of him. Portions of information contained in the report were confirmed by testimony from Y. S.'s mother, who was called as a witness by Y. S. Thus, there is evidence to support each finding and the findings are not so against the great weight and preponderance of the evidence as to be manifestly unjust. Points of error three and four are overruled.
The judgment of the trial court is affirmed.
NOTES
[1] References to section 54.02 are to Tex.Fam. Code Ann. § 54.02 (Vernon 1975).
[2] In this regard, declarations of pedigree and family history, although hearsay, are admissible as a trustworthy exception to the hearsay rule. 1A R. Ray, Texas Law of Evidence § 1341 (Texas Practice 3rd ed. 1980).