620 S.W.2d 684 (1981)
In re M. E. C.
No. 20846.
Court of Civil Appeals of Texas, Dallas.
May 22, 1981.
Lawrence E. Ackels, Jr., Ackels, Ackels & Ackels, Dallas, for appellant.
Harold C. Gaither, Jr., Asst. Dist. Atty., Dallas, for appellee.
Before AKIN, ROBERTSON and CARVER, JJ.
AKIN, Justice.
This is an appeal from an order of the juvenile court waiving its exclusive original jurisdiction over appellant and transferring the proceedings against appellant to the criminal district court pursuant to Tex. Fam.Code Ann. § 54.02 (Vernon 1975 and Supp.1980-81). The state filed this motion for discretionary transfer to a criminal district court, alleging that appellant had committed two offenses of aggravated robbery. The appellant presents four points of error, contending that the trial judge erred in: (1) overruling his motion to dismiss on grounds of selective or discriminatory prosecution; (2) refusing to grant him an evidentiary hearing to substantiate the allegations of his motion to dismiss on grounds of selective or discriminatory prosecution; (3) admitting the incriminating written confession of appellant because the state failed to make a prima facie showing of compliance with Tex.Fam.Code Ann. § 51.09 (Vernon Supp.1980-81); and (4) admitting the written statements of alleged accomplices of appellant which statements also tended to incriminate appellant. Because these contentions lack merit, we affirm.
With respect to appellant's first two points of error asserting that the court should have sustained his motion to dismiss because of alleged selective and discriminatory prosecution of males or at least to grant him an evidentiary hearing on the motion, they are overruled. The first point *685 is overruled because appellant failed to present, by way of a bill of exceptions, evidence tending to establish that males are subjected to selective and discriminatory prosecution. Tex.R.Civ.P. 372. The second point is overruled because appellant at oral argument admits that even if the trial judge had afforded him an evidentiary hearing, he was not prepared to present evidence since he had made no discovery with respect to his allegation. Consequently, no error is shown in this respect which probably caused the rendition of an improper order. Tex.R.Civ.P. 434.
We turn now to appellant's next two points, which assert error because his written statement and the written statements of alleged juvenile accomplices, which were the only evidence tending to incriminate him, were admitted into evidence without complying with Tex.Fam.Code Ann. § 51.09 (Vernon Supp.1980-81), which provides:
(a) Unless a contrary intent clearly appears elsewhere in this title, any right granted to a child by this title or by the constitution or laws of this state or the United States may be waived in proceedings under this title if:
(1) the waiver is made by the child and the attorney for the child;
(2) the child and the attorney waiving the right are informed of and understand the right and the possible consequences of waiving it;
(3) the waiver is voluntary; and
(4) the waiver is made in writing or in court proceedings that are recorded.
(b) Notwithstanding any of the provisions of Subsection (a) of this section, the statement of a child is admissible in evidence in any future proceeding concerning the matter about which the statement was given if:
(1) when the child is in a detention facility or other place of confinement or in the custody of an officer, the statement is made in writing and the statement shows that the child has at some time prior to the making thereof received from a magistrate a warning that:
(A) he may remain silent and not make any statement at all and that any statement he makes may be used in evidence against him;
(B) he has the right to have an attorney present to advise him either prior to any questioning or during the questioning;
(C) if he is unable to employ an attorney, he has the right to have an attorney to counsel with him prior to or during any interviews with peace officers or attorneys representing the state;
(D) he has the right to terminate the interview at any time;
(E) if he is 15 years of age or older at the time of the violation of a penal law of the grade of felony the juvenile court may waive its jurisdiction and he may be tried as an adult; and
(F) the statement must be signed in the presence of a magistrate by the child with no law enforcement officer or prosecuting attorney present. The magistrate must be fully convinced that the child understands the nature and contents of the statement and that the child is signing the same voluntarily. If such a statement is taken the magistrate shall sign a written statement verifying the foregoing requisites have been met.
The child must knowingly, intelligently, and voluntarily waive these rights prior to and during the making of the statement and sign the statement in the presence of a magistrate who must certify that he has examined the child independent of any law enforcement officer or prosecuting attorney and determined that the child understands the nature and contents of the statement and has knowingly, intelligently, and voluntarily waived these rights.
(2) it be made orally and the child makes a statement of facts or circumstances that are found to be true, which conduct tends to establish his guilt, such as the finding of secreted or stolen property, or the instrument with *686 which he states the offense was committed.
(3) the statement was res gestae of the delinquent conductor the conduct indicating a need for supervision or of the arrest. [Emphasis added.]
Appellant argues that although attached to the statements was a letter purportedly signed by a magistrate containing statements showing that the requirements of § 51.09 had been met, no evidence was presented establishing that these events actually took place or that the purported signature was actually that of a magistrate. Essentially, his contention is that no proper predicate was laid to introduce these statements into evidence. We would agree with appellant if this hearing was a proceeding other than a transfer hearing. In this respect, we hold that strict compliance with § 51.09 is not required in a discretionary transfer hearing because the judge does not consider whether the statements are admissible evidence. B. L. C. v. State, 543 S.W.2d 151, 152-54 (Tex.Civ.App.Houston [14th Dist.] 1976, writ ref'd n. r. e.). Section 51.09 specifically provides that "unless a contrary intent clearly appears elsewhere in this title" the requirement of § 51.09 must be met. A contrary intent is shown, however, in § 54.02, which sets forth the standards for a transfer hearing.
Section 54.02 provides:
(a) The juvenile court may waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal district court for criminal proceedings if:
(1) the child is alleged to have violated a penal law of the grade of felony;
(2) the child was 15 years of age or older at the time he is alleged to have committed the offense and no adjudication hearing has been conducted concerning that offense; and
(3) after full investigation and hearing the juvenile court determines that because of the seriousness of the offense or the background of the child the welfare of the community requires criminal proceedings.
....
(e) At the transfer hearing the court may consider written reports from probation officers, professional court employees, or professional consultants in addition to the testimony of witnesses. At least one day prior to the transfer hearing, the court shall provide the attorney for the child with access to all written matter to be considered by the court in making the transfer decision. The court may order counsel not to reveal items to the child or his parent, guardian, or guardian ad litem if such disclosure would materially harm the treatment and rehabilitation of the child or would substantially decrease the likelihood of receiving information from the same or similar sources in the future. (f) In making the determination required by Subsection (a) of this section, the court shall consider, among other matters:
(1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;
(2) whether the alleged offense was committed in an aggressive and premeditated manner;
(3) whether there is evidence on which a grand jury may be expected to return an indictment;

(4) the sophistication and maturity of the child;
(5) the record and previous history of the child; and
(6) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court. [Emphasis added.]
Because § 54.02(f)(3) specifically provides that if there is evidence upon which a grand jury may be expected to return an indictment, the judge is authorized to consider such evidence. B. L. C. v. State, 543 S.W.2d 151, 154 (Tex.Civ.App.Houston [14th Dist.] 1976, writ ref'd n. r. e.). Since a grand jury may consider evidence that is otherwise incompetent and inadmissible, United States v. Calandra, 414 U.S. 338, 94 *687 S.Ct. 613, 38 L.Ed.2d 561 (1974); Costello v. United States of America, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956), we hold that unsubstantiated statements of a magistrate may be considered by the trial judge in a transfer hearing pursuant to § 54.02. In re Y. S., 602 S.W.2d 402, 404 (Tex.Civ.App. Amarillo 1980, no writ); K. W. M. v. State, 598 S.W.2d 660, 661 (Tex.Civ.App.Houston [14th Dist.] 1980, no writ); In re Honsaker, 539 S.W.2d 198, 201 (Tex.Civ.App. Dallas 1976, writ ref'd n. r. e.). Thus, no error is shown.
Our holding is supported by the decision in B. L. C. v. State, 543 S.W.2d 151, 152-54 (Tex.Civ.App.Houston [14th Dist.] 1976, writ ref'd n. r. e.). In that case, the court noted that the admissibility of a confession of a juvenile has no bearing on any of the specific items set forth in sub-section 54.02(f) which are to be considered by a juvenile court in a transfer proceeding except for subsection (f)(3), i. e., whether there is evidence upon which a grand jury may be expected to return an indictment. That court further noted that the grand jury is not a proper forum for the determination of admissibility of a confession. On this basis, the court declined to consider the admissibility under section 51.09 of the confession at issue in the transfer proceedings under consideration. In accord with this holding are In re Y. S., 602 S.W.2d 402, 404-05 (Tex.Civ.App.Amarillo 1980, no writ); K. W. M. v. State, 598 S.W.2d 660, 661 (Tex. Civ.App.Houston [14th Dist.] 1980, no writ); In re P. A. C., 562 S.W.2d 913, 915-16 (Tex.Civ.App.Amarillo 1978, no writ). We agree with these authorities.
We expressly disagree with the San Antonio Court of Civil Appeals in R_E_M_ v. State, 541 S.W.2d 841, 845 (Tex.Civ.App. San Antonio 1976, writ ref'd n. r. e.), in which opinion that court held that a transcript of testimony in a prior transfer hearing concerning the same juvenile was inadmissible at a second hearing because no predicate for its admissibility was laid. That court also stated that the strict rules of evidence should not be relaxed in a transfer hearing, but to the contrary that the rules of evidence in other proceedings should be adhered to by the trial judge. We disagree with the San Antonio Court of Civil Appeals on its position with respect to admissibility of evidence because its holding ignores the express provisions of section 54.02(e) which by its very terms sanctions admission of hearsay testimony by mandating that the judge consider written reports from probation officers, professional court employees, or other professional consultants. Thus, we consider that holding of the San Antonio Court of Civil Appeals to be incorrect with respect to admissibility of evidence in transfer proceedings.
Other points were raised but since they were neither briefed nor argued, we do not address them.
Affirmed.