861 S.W.2d 541 (1993)
L.M.C., Appellant,
v.
The STATE of Texas, Appellee.
No. C14-92-00627-CV.
Court of Appeals of Texas, Houston (14th Dist.).
September 16, 1993.
Kent E. Ellis, Houston, for appellant.
Timothy G. Taft, Houston, for appellee.
Before ROBERTSON and CANNON, JJ., and MORSE, J., Sitting by Designation.

OPINION
CANNON, Justice.
This is an appeal from a discretionary transfer of juvenile jurisdiction to the criminal district court pursuant to TEX.FAM.CODE ANN. § 54.02 (Vernon 1986 and Supp.1993).
Appellant was charged with murder. She was 15 at the time of the alleged offense. Shortly after her arrest, the state filed a Petition for Discretionary Transfer to the Criminal District Court. At the hearing on the state's petition, a written confession by appellant and an autopsy report were admitted into evidence. Appellant's objections to the admission of these documents were overruled. The court granted the petition and transferred jurisdiction accordingly. We affirm.
In her first point of error, appellant attacks the admission of the confession and autopsy report on the grounds that they constituted hearsay. In her second point of error appellant complains that the confession was admitted without any testimony or authentication demonstrating that it complied with the requirements of TEX.FAM.CODE ANN. § 51.09 (Vernon Supp.1993). Appellant further alleges that the admission of the confession *542 abridged her rights under the Fifth Amendment of the United States Constitution, and Article 1, section 10, of the Texas Constitution. We will address these points of error together.
This Court has stated that section 54.02(a)(3) of the Texas Family Code requires that the juvenile court need only determine if there is "probable cause" that the juvenile committed the charged offense. Matter of D.W.L., 828 S.W.2d 520, 524 (Tex. App.-Houston [14th Dist.] 1992, no writ). The juvenile court determines probable cause in a nonadversary preliminary hearing. TEX. FAM.CODE ANN. § 54.02(a)(3) (Vernon Supp. 1993); Matter of D.W.L., 828 S.W.2d at 524. The juvenile court may use hearsay as well as written and oral testimony. Matter of D.W.L., 828 S.W.2d at 524.
Furthermore, one of the factors to be used by the juvenile court in determining whether to waive its jurisdiction and transfer the child is whether there is evidence on which a grand jury may be expected to return an indictment. TEX.FAM.CODE ANN. § 54.02(f)(3) (Vernon 1986). The grand jury is not bound by the rules of evidence in determining whether to return an indictment, therefore, the juvenile court may properly consider evidence of this nature in reaching its own determination to waive jurisdiction. K.W.M. v. State, 598 S.W.2d 660, 661 (Tex. Civ.App.-Houston [14th Dist.] 1980, no writ).
Likewise, appellant's rights under the Sixth and Fourteenth Amendments of the United States Constitution, and under the Article I, section 10, of the Texas Constitution, have not been abridged because the confession was not used to adjudicate appellant's guilt or innocence. Id. at 661. A transfer hearing does not require the fine resolution of conflicting evidence that an adjudication of guilt or innocence requires; the hearing's only goal is to determine the proper forum in which to adjudicate appellant's guilt or innocence: the criminal district court, or the juvenile court. Moreover, appellant's rights will be fully protected when the case reaches trial, whether it ultimately takes place before the juvenile court or the criminal district court. The juvenile court properly admitted and considered the autopsy report and appellant's written confession. Appellant's first and second points of error are overruled.
Appellant's third point of error asserts that the juvenile court abused its discretion by waiving exclusive jurisdiction against the great weight and preponderance of the evidence. Section 54.02(f) of the Texas Family Code requires a juvenile court to consider several factors:
(1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;
(2) whether the alleged offense was committed in an aggressive and premeditated manner;
(3) whether there is evidence on which a grand jury may be expected to return an indictment;
(4) the sophistication and maturity of the child;
(5) the record and previous history of the child;
(6) the prospects of adequate protection of the public and the likelihood of rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.
The evidence considered by the juvenile court shows that the appellant was accused of a crime against a person, namely, murder. The statute dictates that greater weight in favor of transfer be given where the offense is against the person. Moreover, according to testimony, appellant (1) told friends about her plan the night before the crime; (2) obtained and test fired the murder weapon before going to school the morning of the offense, (3) threatened those of her friends who tried to talk her out of her plan, and (4) sought out the victim before killing him. Clearly, the juvenile court could find that appellant acted in an aggressive and premeditated manner. The juvenile court would also be justified in finding that this was evidence upon which a grand jury could be expected to return an indictment.
*543 Evidence was also presented to the juvenile court by both appellant and the state concerning the sophistication and maturity of appellant, her record and previous history, and the prospects of adequate protection of the public and the likelihood of rehabilitation. While this court sympathizes with appellant's tragic background, such does not expunge appellant's action.
There was ample evidence before the juvenile court to support its decision to waive exclusive jurisdiction and transfer appellant to the criminal district court to stand trial as an adult. This Court finds no abuse of discretion. Appellant's third point of error is overruled.
The decision by the juvenile court to transfer jurisdiction is affirmed.