931 S.W.2d 585 (1996)
In the Matter of S.A.R., A Juvenile.
No. 04-95-00040-CV.
Court of Appeals of Texas, San Antonio.
April 10, 1996.
Rehearing Overruled September 16, 1996.
R. Robert Willmann, Jr., Mark Stevens, San Antonio, for appellant.
Edward F. Shaughnessy, III, Assistant Criminal District Attorney, San Antonio, for appellee.
Before CHAPA, C.J., and HARDBERGER and GREEN, JJ.

*586 OPINION
GREEN, Justice.
The trial court certified S.A.R. to stand trial as an adult for attempted capital murder and capital murder. S.A.R. appeals under section 56.01 of the Family Code. In seventeen points of error, S.A.R. challenges the admission of S.A.R.'s statement into evidence, complains that the evidence is legally and factually insufficient to support the court's finding, asserts the court erred by admitting certain evidence at the hearing, and that section 54.02(e) of the Family Code is unconstitutional on its face and as applied. We reverse and remand.
S.A.R.'s first three points of error challenge the admission and use of her statement at the certification hearing. Points one and two assert that the trial court is required to determine whether S.A.R.'s statement complied with section 51.09 of the Family Code and erred by failing to do so. Point of error three complains the trial court erred by admitting the statement because there are numerous instances in which the taking of the statement does not comply with the statute.
Regarding points of error one and two, S.A.R. argues that Texas Family Code section 51.09(b) announces a mandatory evidentiary rule which controls admissibility of evidence at a waiver and certification hearing. We agree.
Section 51.09(b) specifies that:
Notwithstanding any of the provisions of Subsection (a) of this section, the statement of a child is admissible in evidence in any future proceeding concerning the matter about which the statement was given if:... [certain specific warnings are given the juvenile].
TEX.FAM.CODE ANN. § 51.09(b) (Vernon Supp. 1996).
The warnings to be given include the customary Miranda warnings, explanation of the consequences of admitting various crimes, and delineation of sentencing possibilities dependent on the seriousness of the offense. Further, section 51.09(b) mandates that these warnings and explanations be given to the juvenile by a magistrate at some time prior to the juvenile making a statement. TEX.FAM.CODE ANN. § 51.09(b) (Vernon Supp.1996).
The State contests S.A.R.'s assertions citing us to cases which hold that considering admissibility of a juvenile's statement at a waiver and certification hearing is premature, and therefore unnecessary, because a waiver hearing is not adjudicatory in nature. See L.M.C. v. State, 861 S.W.2d 541, 542 (Tex.App.Houston [14th Dist.] 1993, no writ); In re M.E.C., 620 S.W.2d 684, 686 (Tex.Civ.App.Dallas 1981, no writ); In re Y.S., 602 S.W.2d 402, 404 (Tex.Civ.App. Amarillo 1980, no writ); B.L.C. v. State, 543 S.W.2d 151, 153-54 (Tex.Civ.App.Houston [14th Dist.] 1976, writ ref'd n.r.e.). However, we believe these cases are at odds with the decision of this Court in R______ E______ M______ v. State, 541 S.W.2d 841, 845 (Tex. Civ.App.San Antonio 1976, writ ref'd n.r.e.), and the express language of the statute. TEX.FAM.CODE ANN. § 51.09(b) (Vernon Supp.1996) (statement is admissible if it complies with the warnings and explanations listed).
In R______ E______ M______, Chief Justice Cadena characterized a waiver and certification hearing as "the most critical stage of the juvenile court process." In that decision this Court declined to relax evidentiary rules pertaining to admission of evidence in such a hearing. Id. at 845. In addition, we conclude that section 51.09(b) expressly requires compliance with the listed warnings before a statement can be introduced "in any future proceeding."
The authority on which the State relies is premised on the theory that because a waiver and certification hearing is not an adjudicatory proceeding, section 51.09 need not be strictly followed. But nowhere in the statute is its application limited to adjudicatory proceedings. The statute directs that "the statement of a child is admissible in evidence in any future proceeding ... if" the explicit substantive and procedural safeguards listed in the statute are afforded the juvenile. TEX. FAM.CODE ANN. § 51.09(b) (Vernon Supp. 1996) (emphasis added). The statute directs that section 51.09 be complied with before a *587 juvenile's statement is admissible for any purpose.
The State concedes the record does not show compliance with section 51.09. Among other imperatives, section 51.09 requires the statement to reflect that all warnings and explanations be given by a magistrate. Further, the statement must be signed in the presence of a magistrate who, having examined the juvenile independent of any law enforcement personnel or prosecuting attorney, must ascertain that the child has knowingly, intelligently, and voluntarily waived his or her rights. Neither was done. The record reflects that the only warnings provided the juvenile in this case were given by a sheriff's deputy. There is no indication that a magistrate participated in these proceedings prior to the juvenile's statement being taken.
Nevertheless, the State argues that the juvenile was not in custody at the time the statement was given, abrogating the need for compliance with section 51.09. The record reflects that the juvenile was taken by four police officers in a marked police car to a ten-by-ten office at the police station. The deputy sheriff questioning the juvenile, one of three officers present during the interrogation, informed the juvenile she was a suspect for attempted capital murder and capital murder. Testimony also shows that the juvenile was photographed and fingerprinted while at the police station. By reason of the investigation focusing on the juvenile, and based on the attendant circumstances outlined above, we believe that a reasonable person would believe their freedom of movement had been significantly curtailed. Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966). Consequently, whether viewed subjectively or objectively, we conclude that S.A.R. was in custody at the time she gave her statement.
Because we find that section 51.09(b) must be complied with prior to a statement being admitted in any proceeding, and because we find that the State did not so comply, S.A.R.'s first three points of error are sustained. These points are dispositive and, therefore, it is unnecessary to address the remaining points of error. The waiver of jurisdiction and certification order is vacated, and this cause is remanded to the trial court for further proceedings.