**In the Matter of T.L.C.**

No. 14–95–00829–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 12, 1997.

Rehearing Overruled July 17, 1997.

Elizabeth S. Peterson, Houston, for appellants.

Dan McCrory, Houston, for appellees.

Before MURPHY, C.J., and ANDERSON and O'NEILL, JJ.

## OPINION

MURPHY, Chief Justice.

Appellant, T.L.C., appeals from his juvenile certification. In four points of error, appellant claims (1) the reasons for waiving jurisdiction contained in the trial court's order failed to meet the minimum requirements of the United States and Texas Constitutions and the Texas Family Code, and (2) the trial court erred when it admitted appellant's confession into evidence, in violation of the Fifth and Sixth Amendments to the United States Constitution and the Texas Family Code. We affirm the waiver of jurisdiction and transfer by the juvenile court.

### I. Background

The State petitioned the juvenile court to waive its jurisdiction over appellant, T.L.C., claiming he committed two aggravated robberies. After a certification hearing, the juvenile court waived its jurisdiction and transferred appellant's case to the criminal courts. T.L.C. now appeals, claiming irregularities in his certification hearing.

### II. Appellate Jurisdiction

We must first address the State's claim that appellant has waived all points of error because the record contains no notice of appeal. In order to invoke this court's jurisdiction in an appeal from a juvenile certification, an appellant must follow the requisites for the perfection of appeal in civil cases generally. TEX. FAM.CODE ANN. § 56.01(b) (Vernon 1986). Therefore, to perfect his appeal, appellant must have filed a bond, cash deposit, or affidavit of indigency in lieu of bond within thirty days of the court's transfer order. TEX.R.APP. P. 40(a)(1), 41(a)(1). In the case of an affidavit in lieu of bond, the appeal is perfected when the affidavit is filed, or if the affidavit is contested, when the contest is overruled. *Id.* In the instant case, appellant's attorney filed an Application to Obtain a Statement of Facts Without Cost and a Complete Transcription of the Court Reporter's Notes accompanied by an affidavit of indigency from appellant's mother. The District Clerk filed a contest to this affidavit, which the court denied, granting

appellant's application for a statement of facts. In an earlier motion, appellant's attorney notified the court of his intent to appeal from the certification hearing and requested the appointment of appellate counsel. We hold that appellant's affidavit of indigency in support of his request for a statement of facts, coupled with his earlier notice of intent to appeal to the court, satisfies the requirements of the Rules of Appellate Procedure and properly invoked the jurisdiction of this court. Accordingly, we now address appellant's points of error.

### III. The Court's Order Waiving Jurisdiction

In his first and second points of error, appellant argues the juvenile court's order waiving jurisdiction and transferring him to the district court violated the U.S. and Texas Constitutions and the Texas Family Code. More specifically, he claims the order, by tracking exactly the language of the Family Code, failed to "state specifically" the reasons for the waiver. Section 54.02(h) requires a juvenile court waiving jurisdiction to "state specifically in the order its reasons for waiver and certify its action, including the written order and findings of the court, and transfer the child to the appropriate court for criminal proceedings." TEX. FAM.CODE ANN. § 54.02(h) (Vernon 1986).[1] Section 54.02(f) requires a juvenile court determining waiver to consider:

(1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;

(2) whether the alleged offense was committed in an aggressive and premeditated manner;

(3) whether there is evidence on which a grand jury may be expected to return an indictment;

(4) the sophistication and maturity of the child;

(5) the record and previous history of the child; and

(6) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.

TEX. FAM.CODE ANN. § 54.02(f) (Vernon 1986). These statutory factors codify the due process considerations set forth in *Kent v. United States*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). In *Kent*, the U.S. Supreme Court, noting the "critical importance" of the juvenile certification process, held that "it is incumbent upon the Juvenile Court to accompany its waiver order with a statement of the reasons or considerations therefor.... [T]he statement should be sufficient to demonstrate that the statutory requirement of 'full investigation' has been met; and that the question has received the careful consideration of the Juvenile Court; and it must set forth the basis for the order with sufficient specificity to permit meaningful review." *Id.* at 560–62, 86 S.Ct. at 1057.

In this case, the juvenile court's order waiving jurisdiction noted that it had considered the statutory factors listed above in making its determination. The order further stated:

The Court specifically finds that ... the offenses alleged to have been committed were against the person of another and were committed in an aggressive and premeditated manner; there has been no adjudication of said offenses; that evidence was presented concerning the alleged offenses upon which a grand jury may be expected to return an indictment; the evidence and reports heretofore presented to the Court demonstrate to the Court that there is little, if any, prospect of adequate protection of the public and likelihood of reasonable rehabilitation of the said T___ L___ C___ by use of procedures, services and facilities currently available to the Juvenile Court, and for those reasons the jurisdiction of this Court is waived in this cause on aggravated robbery (eight counts) as enumerated in this order.

1. Appellant's certification hearing took place on April 5, 1995, prior to the effective date of the 1995 amendment to Article 54.02. Any reference to the Family Code is to the code in effect at the time of appellant's hearing. The current version of Article 54.02 can be found at TEX FAM.CODE ANN. § 54.02 (Vernon 1996).

Appellant complains that this order, which appears to be a form order and "parrots" the statutory considerations mandated by 54.02(h), does not state the reasons for waiver specifically enough to satisfy 54.02(f) and *Kent.* However, if a juvenile court's order waiving jurisdiction states reasons for waiver which are supported by the record, the fact that the order "parrots" the required statutory considerations does not render it infirm. *Matter of T.D.,* 817 S.W.2d 771, 776–77 (Tex. App.—Hous. [1st. Dist.] 1991, writ denied); *In re I.B.,* 619 S.W.2d 584, 587–88 (Tex.Civ. App.—Amarillo 1981, no writ); *Appeal of B.Y.,* 585 S.W.2d 349, 351 (Tex.Civ.App.—El Paso 1979, no writ). The record in this case shows the juvenile court had before it evidence of appellant's alleged crimes, his conduct while in confinement, his school record, and several psychiatric evaluations. The court heard testimony from appellant's mother, his alleged robbery victims, and a robbery investigator. We hold the juvenile court carefully considered all the required factors, and that the order before us sufficiently states proper reasons for waiver of jurisdiction, all of which are supported by ample evidence in the record. We overrule appellant's first and second points of error.

## IV. The Admission of Appellant's Confession

### A. The Fifth Amendment

█ In his third point of error, appellant argues the court erred in considering his confession because it was given involuntarily in violation of the Fifth Amendment.[2] Appellant acknowledges that under current Texas law, "the admissibility of a confession [will] not be considered in an appeal from [a juvenile certification] as the hearing is not adjudicatory in nature." *K.W.M. v. State,* 598 S.W.2d 660, 661 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). Appellant invites us to revisit this well-settled area of law. We decline to do so. The Fifth Amendment concerns which come into play when a defendant faces criminal prosecution simply do not

apply to a juvenile certification hearing. We have previously held that section 54.02(a)(3) of the Texas Family Code requires the juvenile court only to determine if there is "probable cause" that the juvenile committed the charged offense. *Matter of D.W.L.,* 828 S.W.2d 520, 524 (Tex.App.—Houston [14th Dist.] 1992, no writ). This determination takes place in a nonadversarial hearing. TEX. FAM.CODE ANN. § 54.02(a)(3) (Vernon 1986); *Matter of D.W.L.,* 828 S.W.2d at 524. In this nonadversarial hearing, the court may consider any evidence on which a grand jury may be expected to return an indictment. TEX. FAM.CODE ANN. § 54.02(f)(3) (Vernon 1986); *L.M.C. v. State,* 861 S.W.2d 541, 542 (Tex.App.—Houston [14th Dist.] 1993, n.w.h.). A grand jury may consider even incompetent and inadmissible evidence. *United States v. Calandra,* 414 U.S. 338, 345, 94 S.Ct. 613, 618, 38 L.Ed.2d 561 (1974); *Costello v. United States,* 350 U.S. 359, 363, 76 S.Ct. 406, 408, 100 L.Ed. 397 (1956). Accordingly, appellant's Fifth Amendment argument fails, and his third point of error is overruled.

### B. The Texas Family Code

█ Appellant next claims that the juvenile court erred in considering his confession because it did not conform to the requirements of section 51.09 of the Texas Family Code. Section 51.09 requires that a juvenile giving a written statement be given a series of warnings about his rights, and that a magistrate certify that the juvenile has waived those rights knowingly, intelligently and voluntarily. The record in this case does not reflect such a certification by the magistrate. Appellant argues that 51.09 applies to juvenile certification hearings because it imposes its requirements on "any future proceeding." The San Antonio Court of Appeals agrees with this position, arguing that "nowhere in the statute is its application limited to adjudicatory proceedings." *Matter of S.A.R.,* 931 S.W.2d 585, 586 (Tex.App.—San

---

2. Appellant's third point of error claims his confession "was secured in violation of [his] Fifth and Sixth Amendment rights under the United States Constitution." However, appellant offers no authority or argument on his Sixth Amendment claim. As such, he has waived that claim. TEX.R.APP. P. 74(f); *Winkle v. Tullos,* 917 S.W.2d 304, 312 (Tex.App.—Houston [14th Dist.] 1995, writ denied) (citing *Trenholm v. Ratcliff,* 646 S.W.2d 927, 934 (Tex.1983)).

Antonio 1996, writ denied) [3] (citing *R.E.M. v. State*, 541 S.W.2d 841, 845 (Tex.Civ.App.—San Antonio 1976, writ ref'd n.r.e.)). However, the first sentence of 51.09 limits its application if "a contrary intent clearly appears elsewhere in this title." As the Dallas Court of Appeals has noted, a contrary intent appears in the section of the Family Code which governs certification hearings, section 54.02. *In re M.E.C.*, 620 S.W.2d 684, 686 (Tex.Civ.App.—Dallas 1981, no writ). As noted above, 54.02 allows the juvenile judge contemplating waiver of jurisdiction to consider, *inter alia*, "whether there is evidence on which a grand jury may be expected to return an indictment." Tex. Fam.Code Ann. 54.02(f)(3) (Vernon 1986). Furthermore, a grand jury may consider even incompetent and inadmissible evidence. *Calandra*, 414 U.S. at 345, 94 S.Ct. at 618; *Costello*, 350 U.S. at 363, 76 S.Ct. at 408. We refuse to follow the San Antonio Court's holdings in *R.E.M.* and *S.A.R.* because those holdings "ignore[ ] the express provisions of section 54.02." *M.E.C.*, 620 S.W.2d at 687. We agree with the Dallas Court that because 54.02 clearly expresses a contrary intent, a juvenile court need not consider whether a juvenile's statement conforms to the requirements of 51.09 before considering it at a juvenile certification hearing. Therefore, we overrule appellant's fourth point of error.

Having found no merit in appellant's points of error, we affirm the juvenile court's waiver of jurisdiction over appellant.

---

**3.** We note that the Texas Supreme Court has denied writ of error in *S.A.R.*; that is, the Court was "not satisfied that [the] opinion of [the] court of appeals in all respects has declared the law correctly, but is of the opinion that the application presents no error of law which requires reversal or which is of such importance to the jurisprudence of the state as to require correction." Texas Law Review, Texas Rules of Form 72 (8th. ed.1992).